12430.  ENGLISH *v.* POOL, administratrix, *et al.*

The award of the arbitrators upon which this action was based was so
indefinite and uncertain as to be incapable of enforcement; and the
court did not err in dismissing the petition, on demurrer.

DECIDED JANUARY 19, 1922.

Action on award; from Warren superior court — Clement E. Sutton, judge pro hac vice.  April 4, 1921.

*John T. West & Son,* for plaintiff.

*E. P. Davis, L. D. McGregor,* for defendants.

LUKE, J.  This case arose by reason of a suit wherein it was alleged substantially that the plaintiff and the defendant's intestate worked a farm as copartners; that there arose a difference between them with respect to the division of two certain crops; that one of the parties contended that he was entitled to one fourth of the entire crop and the other contended that he was entitled to two thirds of a certain portion of the crop; that the parties were unable to agree with respect to the division of the crop and submitted the matter, as a common-law arbitration, to three persons; that the agreement submitting the matter in controversy stated that the sole difference as to the division of the proceeds of the copartnership business arose from the division of the crops of two certain tenants; that the arbitrators, after hearing the evidence, found as follows: " that the moneys in dispute are the property of E. R. English and are to be delivered to him." The petition alleged that a certain bank, as stakeholder, held a named sum of money, and it was pleaded that the defendant's intestate was entitled to $2,978.76 of this money, and that the plaintiff was entitled to $4,807.34 of the money.  The petition prayed that upon this award the stakeholder be directed to pay the sums as contended for in the petition.  The defendant orally demurred to the plaintiff's petition, upon the ground that it set forth no cause of action, and upon the ground that the award which was the basis of the alleged cause of action was too indefinite and uncertain to be the basis of a cause of action.  The court sustained the oral

demurrer and dismissed the petition, upon the ground that the common-law award, upon which the suit was based, was too indefinite and uncertain to give a right of action upon it.

The court did not err in dismissing the petition. The award was so indefinite and uncertain as to be incapable of enforcement. The agreement submitting the differences of the parties to arbitration provided that " the sole difference as to the division of the proceeds of the copartnership business arises from the division of the crop of the tenants, there being no difference as to the division of the proceeds of the farm raised or grown by the wages hands, or other manner, except the said Green Rogers and Jim Burns crops, which were croppers of the cotenants." The award was as follows: " that the moneys in dispute are the property of E. R. English and are to be delivered to him." The petition of the plaintiff undertakes to divide, by reason of this common-law award, a large sum of money, alleging that the defendant is entitled to a certain portion of the money. The award upon which he declares has not such definiteness and certainty as to be capable of the enforcement of it sought in the petition. Indeed, the award seems to undertake to find that all the money is the plaintiff's money, whereas the subdivision of differences was solely as to the division of two certain crops, there being no contention in the submission that either of the parties was entitled to all of the moneys arising from the sale of the crops or the crops themselves.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*